UNITED STATES of America,
Plaintiff—Appellee,

v.

John BRADSHAW, Defendant—Appellant.

No. 05–35053.

D.C. No. CV–04–01504–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

John Bradshaw, Sheridan, OR, pro se.

Ye–Ting Woo, Todd L. Greenberg, Esq., Richard E. Cohen, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM **

Federal prisoner John Bradshaw appeals pro se the district court's judgment denying his 28 U.S.C. § 2255 motion challenging his conviction for conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Bradshaw first contends that the sentencing court erred in imposing an enhancement for a leadership role. This identical contention was rejected on direct appeal. *See United States v. Bradshaw,* 84 Fed.Appx. 992 (9th Cir.2004) (unpublished disposition). Bradshaw points to no additional facts to rebut the factual support for the enhancement, which he admitted in his plea agreement.

Bradshaw next contends that counsel rendered ineffective assistance by failing to present evidence that would have challenged statements of fact in the presentence report which he asserts were untrue. Bradshaw does not identify what

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

evidence counsel should have presented, or explain why any evidence would have affected the admissions in his plea agreement which supported the enhancement. The statements which Bradshaw specifically alleges were untrue in the presentence report have no bearing on the determination that he exercised "some degree of control or organizational authority over others." *United States v. Barajas–Montiel,* 185 F.3d 947, 957 (9th Cir.1999). As such, Bradshaw's claim fails for lack of deficiency or prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Bradshaw further contends that the prosecutor committed misconduct by failing to correct those alleged misstatements in the presentence report. Again, we disagree. Bradshaw fails to demonstrate how he was prejudiced by the failure to correct alleged misstatements which had nothing to do with the leadership enhancement, especially where the factual bases were admitted in his plea agreement. *See United States v. Hinton,* 31 F.3d 817, 824 (9th Cir.1994).

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

The Clerk shall file the reply brief received on May 16, 2005.

AFFIRMED.